**JUDGE SEIBEL**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------X

STEPHEN MANFREDI

        Plaintiff,

   -against-

TOWN OF GREENBURGH, GREENBURGH POLICE OFFICERS
SEAN HAGAN (#249), RASHAD (#250), DEMELO (#227),
MARK MURPHY (#207), MARINO, DETECIVE CHRIS
MCNERNEY, AS-OF-YET UNIDENTIFIED GREENBURGH
POLICE OFFICERS, AS-OF-YET UNIDENTIFIED YONKERS
POLICE OFFICERS, AS-OF-YET UNIDENTIFIED WESTCHESTER
COUNTY POLICE OFFICERS.To

        Defendants.

--------------------------------------------------------------X

**JURY DEMANDED**

## COMPLAINT

   **NOW COMES** the Plaintiff, **STEPHEN MANFREDI,** by and through his attorneys, the

**BONJEAN LAW GROUP, PLLC**, and for cause of action against the defendants, both jointly

and severally, respectfully states as follows:

## INTRODUCTION

1.      On or around November 6, 2005, following a routine traffic stop, Plaintiff was arrested by defendant Demelo and Murphy for driving with a suspended license and driving under the influence.  Plaintiff had not been drinking and was not under the influence of any illicit substances.  Plaintiff had taken his prescription medications.

2.      After being transported to the precinct, defendant McNerney and another unknown detective placed Plaintiff in an interrogation room where they violently attacked Plaintiff by punching and shoving Plaintiff - who was handcuffed and seated in a chair - in an attempt to convince Plaintiff to work as an informant.

3.      When Plaintiff, who had been drug free for several years, refused to cooperate, defendants threatened Plaintiff and refused Plaintiff his medication.  As a result of being deprived of his medication, Plaintiff suffered a seizure.

4.      Nearly nine months later, on August 22, 2006, Plaintiff was arrested following a routine traffic stop.  When Plaintiff pulled his car into the safety lane, defendants rammed Plaintiff's car with such force that Plaintiff's air bag deployed.

5.      When Plaintiff emerged from his vehicle, defendant Hagan viciously drop kicked Plaintiff into a ditch and initiated a violent and unprovoked assault on Plaintiff.

6.      Defendants Hagan, Rashad, Marino, and numerous unidentified police officers beat Plaintiff - who was handcuffed and helpless - by punching Plaintiff in the face and body, kicking Plaintiff in the head and body, striking Plaintiff with batons, and macing Plaintiff in the face until Plaintiff was unconscious.

7.      After viewing Plaintiff at the arraignment, Judge Harwood ordered Plaintiff to receive medical attention.  Despite this directive, defendants denied Plaintiff medical attention.

## PARTIES

8.      Plaintiff Stephen Manfredi is an adult resident of Yorktown Heights, Westchester County, New York.

9.      Defendant, Town of Greenburgh ("Town"), is a chartered municipal corporation, with the capacity to sue and be sued. Defendant Town is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the Town and the Greenburgh Police Department (hereinafter referred to as GPD) and its agents and employees. At all times relevant to the facts alleged herein, Defendant Town was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the GPD and its employees complied with the laws and the Constitutions of the United States and State of New York

10.     On information and belief, defendant Sean Hagan is an adult resident citizen of Westchester County, New York.  At all times material hereto, defendant Hagan was a police officer with the Greenburgh Police Department and was acting by virtue of his position as a police officer of the Greenburgh Police Department and under the color of state law. Defendant Hagan is sued individually and in his official capacity as a member of the Greenburgh Police Department.

11.     On information and belief, defendant Police Officer Rashad (#250) is an adult resident citizen of Westchester County, New York.  At all times material hereto, defendant Rashad was a police officer with the Greenburgh Police Department and was acting by virtue of his position as a police officer of the Greenburgh Police Department and under the color of state law.  Defendant Rashad is sued individually and in his official capacity as a member of the Greenburgh Police Department.

12.    On information and belief, defendant Police Officer Demelo (#227) is an adult resident citizen of Westchester County, New York.  At all times material hereto, defendant Demelo was a police officer with the Greenburgh Police Department and was acting by virtue of his position as a police officer of the Greenburgh Police Department and under the color of state law.  Defendant Demelo is sued individually and in his official capacity as a member of the Greenburgh Police Department.

13.    On information and belief, defendant Mark Murphy is an adult resident citizen of Westchester County, New York.  At all times material hereto, defendant Murphy was a police officer with the Greenburgh Police Department and was acting by virtue of his position as a police officer of the Greenburgh Police Department and under the color of state law. Defendant Murphy is sued individually and in his official capacity as a member of the Greenburgh Police Department.

14.    On information and belief, defendant Police Officer Marino is an adult resident citizen of Westchester County, New York.  At all times material hereto, defendant Marino was a police officer with the Greenburgh Police Department and was acting by virtue of his position as a police officer of the Greenburgh Police Department and under the color of state law. Defendant Marino is sued individually and in his official capacity as a member of the Greenburgh Police Department.

15.    On information and belief, defendant Chris McNerney is an adult resident citizen of Westchester County, New York.  At all times material hereto, defendant McNerney was a police officer with the Greenburgh Police Department and was acting by virtue of his position as a police officer of the Greenburgh Police Department and under the color of state law. Defendant McNerney is sued individually and in his official capacity as a member of the

Greenburgh Police Department.

16.     As-of-yet Unidentified Greenburgh Police Officers were at all times
mentioned herein, police officers with defendant Township of Greenburgh and acting within the
course and scope of their employment and under color of state law. They are sued in their
individual and official capacities.

17.     As-of-yet Unidentified Yonkers Police Officers were at all times
mentioned herein, police officers with City of Yonkers and acting within the course and scope of
their employment and under color of state law. They are sued in their individual and official
capacities.

18.     As-of-yet Unidentified Westchester County Police Officers  were at all times
mentioned herein, police officers with Westchester County and acting within the course and
scope of their employment and under color of state law. They are sued in their individual and
official capacities.

## JURISDICTION AND VENUE

19.     Each and all of the acts of defendants Hagan, Rashad, Demelo, Murphy, Marino,
McNerney, As-of-yet-Unidentified Greenburgh Police Officers, As-of-yet-Unidentified Yonkers
Police Officers, and As-of-yet-Unidentified Westchester County Police Officers were performed
under the color and pretense of the constitutions, statutes, ordinances, regulations, customs, and
usages of the United States of America, the State of New York, and the County of Westchester,
and under the authority of their office as police officers for the Township of Greenburgh, the City
of Yonkers, and the County of Westchester.

20.     The incidents which give rise to this cause of action occurred within this
jurisdiction and within three years of the filing of this Complaint.

21.     Venue is proper in this venue pursuant to 28 U.S.C § 1391., as all the defendants are residents of this district and/or all the acts or omissions which give rise to this cause of action occurred within this district.

22.     Jurisdiction is proper pursuant to federal question jurisdiction, 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3)(4) and 42 U.S.C. § 1983.  Plaintiffs further invoke the pendent and supplemental jurisdiction of this Court to hear and decide claims arising under state law pursuant to 28 U.S.C. § 1367.

23.     Plaintiffs aver that defendants do not have immunity for violating the civil rights of citizens.

## FACTS

Plaintiff hereby incorporates, in their entirety, each and every paragraph contained in this Complaint and by reference make said paragraphs a part hereof as if fully set forth herein.

**First Incident**

24.     On or around November 6, 2005 at roughly 6:00 p.m., Plaintiff was driving northbound on the Sprain Brook Parkway with his girlfriend.

25.     Plaintiff intended to drop his girlfriend off at work but began experiencing car trouble and was forced to exit the highway at the Town of Greenburgh.

26.     Plaintiff pulled into a parking lot a short distance from the expressway, popped his hood, and began investigating his car troubles.

27.     Plaintiff noticed a Greenburgh police car drive by numerous times.

28.     As it turned dark, Plaintiff activated his headlights for illumination but eventually wore down the car battery and was forced to call Triple A ("AAA") for assistance.

29.     Plaintiff's girlfriend, who was late for work, arranged to have someone pick her

up and take to her job while Plaintiff stayed behind and waited for AAA to arrive.

30.    With the assistance of AAA, Plaintiff got his car running and headed back toward

the expressway. It was shortly after 8:00 p.m.

31.    As Plaintiff turned on to the ramp leading toward the expressway, a Greenburgh

police officer pulled up behind Plaintiff and activated his mars lights.

32.    Plaintiff pulled his car over.

33.    On information and belief, defendant Demelo approached Plaintiff's car and

informed Plaintiff that he had swerved over the line. Defendant Demelo also notified Plaintiff

that Plaintiff's license was suspended.

34.    On information and belief, defendant Murphy responded to the scene.

35.    Plaintiff was arrested, handcuffed, and placed into defendants' squad car.  While

being placed in the squad car, one of the defendants purposely slammed the car door on

Plaintiff's legs.

36.    On information and belief, the defendant who slammed the door on Plaintiff's leg

was defendant Demelo.

37.    Plaintiff agreed to take a breathalyzer test which revealed that Plaintiff was not

driving under the influence of alcohol. Plaintiff explained to defendant(s) that he took Klonipin

and other anti-depressant medication, but that he was not driving under the influence of any illicit

substances.

38.    On information and belief, defendants recovered Plaintiff's prescribed

psychotrophic medication during a search of Plaintiff's car.

39.    Plaintiff was arrested and taken to the police station where he was  processed and

placed into a holding cell.

40.    An unidentified Caucasian officer (heavy set with a mustache and approximately 6 feet tall) approached the cell where Plaintiff was being held and told Plaintiff that he remembered Plaintiff from arresting him on drug charges roughly 7 or 8 years before.

41.    The officer told Plaintiff that he could help himself by providing information about drug activity and suggested that Plaintiff arrange a drug deal.

42.    Plaintiff explained that he had been clean from drugs for several years and could not provide any useful information about drug activity.

43.    On information and belief, Plaintiff was taken from the cell to a room where he was interrogated by defendant McNerney and another as-yet-unidentified detective. The detectives questioned Plaintiff about numerous crimes, including unsolved robberies and drug-related activity. The detectives demanded that Plaintiff act as an informant and arrange a drug deal. Plaintiff repeatedly refused, explaining that he had been clean from drugs for several years and had no information to provide.

44.    During the course of the interrogation, Plaintiff remained handcuffed. While Plaintiff was handcuffed and helpless, the detectives punched Plaintiff in the face two or three times, forcefully ripped Plaintiff from the chair and threw him back down, punched Plaintiff in the stomach several times, and verbally abused Plaintiff.

45.    Detective McNerney and an unknown detective escorted Plaintiff back to the holding cell. As defendants escorted Plaintiff, defendants purposely walked Plaintiff into walls and cabinets. Detective McNerney threatened Plaintiff telling Plaintiff (in substance) that they would get him in the future.

46.    Plaintiff told Detective McNerney, the other detective, and other unidentified Greenburgh police officers that he needed to take his prescribed medication or could suffer a

seizure.

47.     Defendants willfully, purposefully, and with deliberate indifference endangered Plaintiff's health and well-being by denying Plaintiff his required medication. As a result, Plaintiff suffered a seizure in the holding cell.

48.     After an unknown amount of time passed, Plaintiff awoke to an unidentified Greenburgh police officer kicking him in the head.

49.     Plaintiff was then taken to the Westchester County Jail in Valhalla.

**Second Incident**

50.     On August 22, 2006, sometime between roughly 6:00 and 6:30 p.m., Plaintiff was driving Northbound on the Sprain and exited at the Greenburgh exit.

51.     At the Greenburgh exit, Greenburgh police officers were checking vehicle registrations at a police check point.

52.     Plaintiff approached the check-point and stopped his car while an unidentified Greenburgh police officer checked the validity of his vehicle registration. The unidentified officer said nothing and turned his back to Plaintiff.  Plaintiff, believing he was free to go, slowly pulled past the check-point.

53.     Plaintiff, who was still driving on a suspended license, proceeded back to the expressway and merged onto the Sprain Brook Parkway heading south.

54.     After driving roughly 5 to 10 miles, Plaintiff noticed a police car with its mars lights activated in his rear-view mirror.

55.     Plaintiff pulled over to the right and stopped his car in the safety lane.

56.     The police car rammed Plaintiff's car from behind causing the air-bag to activate.

57.     Plaintiff emerged from the car dazed and stood with his hands up at the front of

his vehicle.

58.    On information and belief, defendant Hagan charged Plaintiff and drop kicked Plaintiff into a ditch to the right of the vehicles, near a chain-link fence separating a park from the Bronx River Parkway. Defendant Hagan placed his boot on Plaintiff's neck and hand-cuffed Plaintiff.

59.    Plaintiff noticed numerous police cars from various police departments pulling up, including Grenburgh police department, Yonkers police department, and Westchester County police department.

60.    After being handcuffed and lying helpless in a ditch next to the Bronx River Expressway, Plaintiff observed a police car pull up and block his view of the expressway.

61.    At that point, numerous defendant police officers began beating Plaintiff mercilessly, punching Plaintiff in his face and body with closed fists, kicking Plaintiff in all parts of his body including his head, striking Plaintiff with batons, and macing Plaintiff in the face.

62.    On information and belief, defendants Hagan, Rashad, Murphy, Marino and as many as 12 unidentified police officers participated in this vicious and unprovoked beating of Plaintiff.

63.    Plaintiff lost consciousness during the violent assault.

64.    On information and belief, a young man playing in the park next to the Bronx River Parkway photographed the beating with his cell phone. An unknown defendant police officer confiscated the young man's cell phone, destroyed it and, arrested the young man and charged him.

65.    After an unknown amount of time elapsed, Plaintiff regained consciousness and several unknown defendant police officers lifted him by his cuffs and dragged him to a squad car.

66.    On information and belief, defendant Hagan and other unknown Defendant police officers slammed Plaintiff onto the trunk of the squad car and viciously pushed his face into the trunk of the car for several minutes.

67.    The unknown defendant police officers then threw Plaintiff in the backseat of a Greenburgh police car and transported Plaintiff to the Greenburgh police station.  Plaintiff lost consciousness again in the police car.

68.    Plaintiff was eventually brought  before Judge Harwood.

69.    After viewing Plaintiff - who was bleeding, swollen, and bruised on his face and body - Judge Harwood ordered that Plaintiff  receive medical attention.

70.    Despite Judge Harwood's directive, defendants' refused to take Plaintiff to the hospital.  Indeed, Plaintiff never received medical attention.

71.    Defendants' deliberate indifference to Plaintiff's medical needs endangered Plaintiff's health and well-being by depriving Plaintiff of necessary medical treatment.

72.    Rather than transporting Plaintiff to a hospital, Plaintiff was taken directly to Westchester County Jail.

73.    Plaintiff was released from Westchester County Jail and sought medical attention for his injuries.

74.    Following his release, Plaintiff filed a complaint with the Internals Affairs Unit of the Greenburgh Police Department.  Plaintiff supplied the internal affairs unit with photographs of his injuries and a statements from an eye-witnesses.

75.    On information and belief, despite defendant McNerney's involvement in the first incident, defendant McNerney participated in the Internal Affairs interview.

76.    Several weeks later, Plaintiff was notified by Internal Affairs that his complaints

were unfounded.

## COUNT I

## FEDERAL CONSTITUTIONAL VIOLATIONS AGAINST DEFENDANTS GREENBURGH POLICE OFFICERS SEAN HAGAN, RASHAD (#250), DEMELO (#227), MARK MURPHY, MARINO, DETECIVE CHRIS MCNERNEY, AS-OF-YET UNIDENTIFIED GREENBURGH POLICE OFFICERS, AS-OF-YET UNIDENTIFIED YONKERS POLICE OFFICERS, AS-OF-YET UNIDENTIFIED WESTCHESTER COUNTY POLICE OFFICERS.

Plaintiffs hereby incorporate, in their entirety, each and every paragraph contained

in this Complaint and by reference make said Paragraphs a part hereof as if fully set forth herein.

77.     Greenburgh Police Officers Sean Hagan, Rashad (#250), Demelo (#227),

Mark Murphy, Marino, Detective Chris McNerney, As-of-yet Unidentified Greenburgh Police

Officers,  As-of-yet Unidentified Yonkers Police Officers, and As-of-yet Unidentified

Westchester County Police Officers committed the above described actions and/or omissions

under the color of law and by virtue of their authority as law enforcement officers for the Town

of Greenburgh, City of Yonkers, and County of Westchester, and substantially deprived Plaintiff

of his clearly established rights, privileges, and immunities guaranteed to him as a citizen of the

United States in violation of 42 U.S.C. § 1983, and deprived Plaintiff of the rights guaranteed to

him under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitutions,

including but not limited to:

    a.     freedom from unreasonable, unjustified, and excessive force;

    b.     freedom from deprivation of liberty and property without due process of
           law;

    c.     freedom from cruel and unusual punishment;

    d.     freedom from summary punishment;

e.     freedom from state created danger;

f.     freedom from arbitrary government activity which shocks the conscience

of a civilized society; and

g.     freedom from confinement without the provision for adequate medical

care and treatment.

78.     As a direct and proximate result of the acts and omissions of defendants,

Plaintiff's constitutional rights were violated and Plaintiff sustained substantial injuries.

## COUNT II

## FEDERAL CONSTITUTIONAL VIOLATIONS AGAINST THE TOWN OF GREENBURGH

Plaintiff hereby incorporates, in their entirety, each and every paragraph of this

Complaint and by reference makes said paragraphs a part hereof as if fully set forth herein.

79.     Defendant Town of Greenburgh is under a duty to supervise the members of

the GPD and to ensure that the policing activities of GPD are run in a lawful manner, preserving

to the citizens of the Town of Greenburgh the rights, privileges, and immunities guaranteed to

them by the Constitutions of the United States of America and the State of New York.

80.     Defendant Town of Greenburgh and GPD encouraged, tolerated, and knowingly

acquiesced to an official pattern, practice, or custom of its police officers, particularly

Greenburgh Police Officers Sean Hagan (#249), Rashad (#250), Demelo (#227), Mark A.

Murphy (#207), Marino, Detective Chris McNerney, As-of-yet Unidentified Greenburgh Police

Officers, violating the constitutional rights of the public at large, including Plaintiff. In particular,

the Town of Greenburgh had actual knowledge that Defendants Greenburgh Police Officers Sean

Hagan (#249), Rashad (#250), Demelo (#227), Mark A. Murphy (#207), Marino, Detective Chris

McNerney, and As-of-yet Unidentified Greenburgh Police Officers had a propensity to deprive

the citizens of New York of their constitutional rights and failed to take proper action to protect

the citizens of New York from defendants Greenburgh Police Officers Sean Hagan (#249),

Rashad (#250), Demelo (#227), Mark A. Murphy (#207), Marino, Detective Chris McNerney,

and As-of-yet Unidentified Greenburgh Police Officers.

81.    The actions of defendants Greenburgh Police Officers Sean Hagan (#249), Rashad

(#250), Demelo (#227), Mark A. Murphy (#207), Marino, Detective Chris McNerney, As-of-yet

Unidentified Greenburgh Police Officers were unjustified, unreasonable, unconstitutional, and

deprived plaintiff of his constitutional rights in violation of the Fourth, Eighth, and Fourteenth

Amendments to the United States Constitution.

82.    Defendant Town of Greenburgh is directly liable for Plaintiff's damages due to

the following policy statements, ordinances, regulations, or decisions formally adopted and

promulgated by Government rule-makers, which were in effect at the time of these incidents and

which were the underlying cause of the Plaintiff's injuries:

a.    Town of Greenburg and GPD have formally adopted the standard

operating procedures of the GPD designed to prevent formal complaints from being filed with

Internal Affairs unit and favoring statements of a police officer over the statements of a citizen

complaining of police abuse or misconduct, resulting in the exoneration of officers for

unconstitutional behavior, creating an atmosphere where unconstitutional behavior of police

officers is tolerated, condoned, and ratified by the GPD, thus creating an atmosphere of illegal

and unconstitutional behavior in deliberate indifference and reckless disregard of the welfare of

the public at large, including Plaintiff:

b.    Town of Greenburgh and GPD have formally adopted a policy of allowing

police officers (including Greenburgh Police Officers Sean Hagan (#249), Rashad (#250),

Demelo (#227), Mark A. Murphy (#207), Marino, Detective Chris McNerney, and As-of-yet

Unidentified Greenburgh Police Officers) to conduct warrantless searches and seizures with

illegal and excessive force creating an atmosphere of illegal and unconstitutional behavior in

deliberate indifference and reckless disregard to the welfare of the public at large, including

Plaintiff;

83.     Defendant Town of Greenburgh is directly liable for the Plaintiff's damages due

to the following policies, practices, or customs of the GPD, which were in effect at the time of

this incident and which were the underlying cause of the Plaintiff's injuries:

a.      Town of Greenburgh and GPD have a permanent and well-settled practice

of allowing police officers (including Greenburgh Police Officers Sean Hagan (#249), Rashad

(#250), Demelo (#227), Mark A. Murphy (#207), Marino, Detective Chris McNerney, and As-of-

yet Unidentified Greenburgh Police Officers) to arrest individuals with the use of excessive force

creating an atmosphere of illegal and unconstitutional behavior in deliberate indifference and

reckless disregard of the welfare of the public at large, including Plaintiff;

b.      Town of Greenburgh and GPD have a permanent and well-settled practice

of failing to protect the Citizens of Greenburgh from the unconstitutional actions of police

officers (including Greenburgh Police Officers Sean Hagan (#249), Rashad (#250), Demelo

(#227), Mark A. Murphy (#207), Marino, Detective Chris McNerney, and As-of-yet Unidentified

Greenburgh Police Officers) by exonerating rogue police officers by refusing to investigate

complaints and convincing individuals not to file formal complaints with the Internal Affairs

Unit, creating an atmosphere of illegal and unconstitutional behavior in deliberate indifference

and reckless disregard of the welfare of the public at large, including Plaintiff;

c.     Town of Greenburgh and GPD have a permanent and well-settled practice of refusing to adequately respond to and investigate complaints regarding officer misconduct by the citizenry, including, but not limited to, complaints regarding arrest procedures and the use of excessive physical force, thus creating an atmosphere of illegal and unconstitutional behavior in deliberate indifference and reckless disregard of the welfare of the public at large, including Plaintiff.

d.     Town of Greenburgh and GPD have adopted standard operating procedures of the GPD designed to favor the statements of a police officer over the statements of a citizen complaining of police abuse or misconduct, resulting in the exoneration of officers for unconstitutional behavior, creating an atmosphere where unconstitutional behavior of police officers is tolerated, condoned, and ratified by the GPD, thus creating an atmosphere of illegal and unconstitutional behavior in deliberate indifference and reckless disregard of the welfare of the public at large, including Plaintiff;

e.     Town of Greenburgh and GPD  have a policy, practice, or custom of allowing its officers to use excessive force and/or unreasonable force without fear of discipline creating an atmosphere where such behavior is accepted, approved and ratified, in reckless disregard and deliberate indifference to the welfare of the public at large, including Plaintiff;

f.     Town of Greenburgh and GPD have a permanent and well-settled practice of failing to protect the Citizens of Greenburgh from the unconstitutional actions of police officers (including Greenburgh Police Officers Sean Hagan (#249), Rashad (#250), Demelo (#227), Mark A. Murphy (#207), Marino, Detective Chris McNerney, As-of-yet Unidentified Greenburgh Police Officers) conducting arrests with illegal and excessive force, creating an atmosphere of illegal and unconstitutional behavior in deliberate indifference and reckless

disregard to the welfare of the public at large, including Plaintiff; and

       g.     Town of Greenburgh and GPD have a permanent and well-settled practice of allowing its officers (including Greenburgh Police Officers Sean Hagan (#249), Rashad (#250), Demelo (#227), Mark A. Murphy (#207), Marino, Detective Chris McNerney, As-of-yet Unidentified Greenburgh Police Officers) to deprive necessary medical care to Citizens in its care and custody, creating an atmosphere of illegal and unconstitutional behavior in deliberate indifference and reckless disregard to the welfare of the public at large, including Plaintiff;

      84.    Defendant Town of Greenburgh is directly liable for Plaintiffs' damages due to the following policies or customs of inadequate training, supervision, discipline, screening, or hiring, which were in effect at the time of this incident and which were the underlying cause of Plaintiff's injuries:

       a.     Town of Greenburgh and GPD failed to adequately train and supervise police officers (including Greenburgh Police Officers Sean Hagan (#249), Rashad (#250), Demelo (#227), Mark A. Murphy (#207), Marino, Detective Chris McNerney, As-of-yet Unidentified Greenburgh Police Officers) regarding proper arrest procedures and techniques, and such failure to train had the obvious consequence of leading to constitutional violations in deliberate indifference and reckless disregard of the welfare of the public at large, including Plaintiff;

       b.     Town of Greenburgh and GPD failed to adequately monitor and evaluate the performances of its officers (including Greenburgh Police Officers Sean Hagan (#249), Rashad (#250), Demelo (#227), Mark A. Murphy (#207), Marino, Detective Chris McNerney, As-of-yet Unidentified Greenburgh Police Officers) and their compliance with the laws and policies, practices and customs with respect to internal affairs procedures, the use of physical

force, and arrest procedures in deliberate indifference to and reckless disregard of the public at large, including the Plaintiff;

        c.      Town of Greenburgh and GPD repeatedly and knowingly failed to properly discipline its officers (including Greenburgh Police Officers Sean Hagan (#249), Rashad (#250), Demelo (#227), Mark A. Murphy (#207), Marino, Detective Chris McNerney, As-of-yet Unidentified Greenburgh Police Officers) with respect to violations of the law of the State of New York, the Constitution of the United States, and its own policies regarding internal affairs procedures, the use of physical force, and arrest procedures creating a pattern, policy, practice, custom or atmosphere where such illegal and unconstitutional behavior is tolerated, condoned, and accepted by the GPD in deliberate indifference to and reckless disregard of the public at large, including the Plaintiff;

        d.      Town of Greenburgh and GPD allow its officers to engage in conduct that violates the constitutional rights of persons in custody, including Plaintiffs, without fear of reprimand, discipline or termination, creating an atmosphere where such unconstitutional behavior is ratified, tolerated, and condoned, in reckless disregard of and deliberate indifference to the welfare of the public, including Plaintiffs; and

        e.      Town of Greenburgh and GPD knew that "a code of silence" existed between their officers and the law enforcement officers of Yonkers and Westchester County whereby officers would not report misconduct of other officers to their superiors and failed to take steps necessary to break the "code of silence" which includes, but is not limited to, properly supervising officers, properly investigating critical incidents, holding officers accountable for misconduct and failing to report misconduct, creating an atmosphere where officers violate the constitutional rights of the public at large in deliberate indifference to and in reckless disregard of

the constitutional rights of the pubic, including the Plaintiff.

    f.  Town of Greenburgh and GPD failed to adequately and train and supervise its officers (including Greenburgh Police Officers Sean Hagan (#249), Rashad (#250), Demelo (#227), Mark A. Murphy (#207), Marino, Detective Chris McNerney, As-of-yet Unidentified Greenburgh Police Officers) regarding meeting the medical needs of Citizens in their care and custody, creating an atmosphere of illegal and unconstitutional behavior in deliberate indifference and reckless disregard to the welfare of the public at large, including Plaintiff;

85.  Further, defendant Town of Greenburgh is liable for the actions of defendants Greenburgh Police Officers Sean Hagan (#249), Rashad (#250), Demelo (#227), Mark A. Murphy (#207), Marino, Detective Chris McNerney, As-of-yet Unidentified Greenburgh Police Officers) under the doctrines of agency, vicarious liability, employer-employee relations, master-servant, respondeat superior, joint venture, contract and as a result of their non-delegable duty to provide officers who comply with the constitutions and laws of the United States of America and the State of New York.

86.  As a direct and proximate result of the foregoing policies, practices, and customs of the Town of Greenburgh and GPD, the violation of the constitutional rights of the citizens of Greenburgh were substantially certain to occur.

87.  As a direct and proximate result of the foregoing policies, practices, and customs of Town of Greenburgh and GPD, Plaintiff's constitutional rights were violated and Plaintiff was injured and damaged.

**COUNT III**

**STATE LAW TORTS AGAINST DEFENDANTS GREENBURGH POLICE OFFICERS SEAN HAGAN (#249), RASHAD (#250), DEMELO (#227), MARK A. MURPHY (#207), MARINO, DETECIVE CHRIS MCNERNEY, AS-OF-YET UNIDENTIFIED**

**GREENBURGH POLICE OFFICERS, AS-OF-YET UNIDENTIFIED YONKERS POLICE OFFICERS, AS-OF-YET UNIDENTIFIED WESTCHESTER COUNTY POLICE OFFICERS.**

Plaintiff hereby incorporates, in their entirety, each and every paragraph of this Complaint and by reference makes said paragraphs a part hereof as if fully set forth herein.

88.    The acts, omissions, and conduct of Defendants Greenburgh Police Officers Sean Hagan (#249), Rashad (#250), Demelo (#227), Mark A. Murphy (#207), Marino, Detective Chris McNerney, As-of-yet Unidentified Greenburgh Police Officers, As-of-yet Unidentified Yonkers Police Officers, and As-of-yet Unidentified Westchester County Police Officers constitute assault, battery, trespass, trespass to chattel, conspiracy, slander, negligent infliction of emotional distress and intentional infliction of emotional distress.

89.    As a direct and proximate result of the aforementioned acts and omissions of Defendants Greenburgh Police Officers Sean Hagan (#249), Rashad (#250), Demelo (#227), Mark A. Murphy (#207), Marino, Detective Chris McNerney, As-of-yet Unidentified Greenburgh Police Officers, As-of-yet Unidentified Yonkers Police Officers, and As-of-yet Unidentified Westchester County Police Officers, Plaintiff has been injured and damaged.

## COUNT IV

**PUNITIVE DAMAGES AGAINST DEFENDANTS GREENBURGH POLICE OFFICERS SEAN HAGAN (#249), RASHAD (#250), DEMELO (#227), MARK A. MURPHY (#207), MARINO, DETECIVE CHRIS MCNERNEY, AS-OF-YET UNIDENTIFIED GREENBURGH POLICE OFFICERS, AS-OF-YET UNIDENTIFIED YONKERS POLICE OFFICERS, AS-OF-YET UNIDENTIFIED WESTCHESTER COUNTY POLICE OFFICERS.**

Plaintiff hereby incorporates, in their entirety, each and every paragraph of this Complaint and by reference makes said paragraphs a part hereof as if fully set forth herein.

90.    The actions and/or omissions of Defendants Greenburgh Police Officers Sean

Hagan (#249), Rashad (#250), Demelo (#227), Mark A. Murphy (#207), Marino, Detective Chris McNerney, As-of-yet Unidentified Greenburgh Police Officers, As-of-yet Unidentified Yonkers Police Officers, and As-of-yet Unidentified Westchester County Police Officers complained of herein were unlawful, conscience shocking, and unconstitutional, and performed maliciously, recklessly, fraudulently, intentionally, willfully, wantonly, in bad faith, and in such a manner to entitle Plaintiff to a substantial award of punitive damages against Defendants Greenburgh Police Officers Sean Hagan (#249), Rashad (#250), Demelo (#227), Mark A. Murphy (#207), Marino, Detective Chris McNerney, As-of-yet Unidentified Greenburgh Police Officers,  As-of-yet Unidentified Yonkers Police Officers, and As-of-yet Unidentified Westchester County Police Officers.

## DAMAGES

Plaintiff hereby incorporates, in its entirety, each and every paragraph contained in this Complaint and by reference makes said paragraphs a part hereof as if fully set forth herein.

91.    As a direct and proximate result of the aforementioned actions and omissions of defendants, Plaintiff was injured and damaged.  The damages for which the Plaintiff seeks compensation from the defendants, both jointly and severally, include, but are not limited to, the following:

    a.    emotional pain and suffering of a past, present, and future nature;

    b.    loss of enjoyment of life of a past, present, and future nature;

    c.    fright, fear, aggravation, humiliation, anxiety, and emotional distress of a past, present, and future nature as a result of the injuries sustained as a result of the illegal actions of Defendants Greenburgh Police Officers Sean Hagan (#249), Rashad (#250), Demelo (#227), Mark A. Murphy (#207),

Marino, Detective Chris McNerney, As-of-yet Unidentified Greenburgh Police Officers, As-of-yet Unidentified Yonkers Police Officers, and As-of-yet Unidentified Westchester County Police Officers

d.    loss of earning capacity;

e.    attorney's fees pursuant to 42 U.S.C. § 1988;

f.    punitive damages against applicable defendants;

g.    pre-and post-judgment interest;

h.    declaratory judgment and injunctive relief holding that the policies, practices or customs of defendant Town of Greenburgh, Defendants Greenburgh Police Officers Sean Hagan (#249), Rashad (#250), Demelo (#227), Mark A. Murphy (#207), Marino, Detective Chris McNerney, As-of-yet Unidentified Greenburgh Police Officers, As-of-yet Unidentified Yonkers Police Officers, and As-of-yet Unidentified Westchester County Police Officers, complained of herein are illegal and unconstitutional;

i.    preclusion of Defendants Greenburgh Police Officers Sean Hagan (#249), Rashad (#250), Demelo (#227), Mark A. Murphy (#207), Marino, Detective Chris McNerney, As-of-yet Unidentified Greenburgh Police Officers, As-of-yet Unidentified Yonkers Police Officers, and As-of-yet Unidentified Westchester County Police Officers from serving in the capacity of law enforcement officers; and

j.    all such relief, both general and specific, to which Plaintiff may be entitled to under the premises.

## PRAYERS FOR RELIEF

Plaintiff hereby incorporates, in its entirety, each and every paragraph contained in this Complaint and by reference makes said paragraphs a part hereof as if fully set forth herein.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff sues the defendants both jointly and severally, for his personal injuries and prays for a judgment against the defendants for compensatory damages solely in an amount to be determined by a jury as reasonable and for all such further relief, both general and specific, to which he may be entitled under the premises.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff sues Defendants Greenburgh Police Officers Sean Hagan (#249), Rashad (#250), Demelo (#227), Mark A. Murphy (#207), Marino, Detective Chris McNerney, As-of-yet Unidentified Greenburgh Police Officers, As-of-yet Unidentified Yonkers Police Officers, and As-of-yet Unidentified Westchester County Police Officersfor punitive damages in an amount solely to be determined by a jury as reasonable and for all such further relief, both general and specific, to which he may be entitled under the premises.

92.    **A JURY IS RESPECTFULLY DEMANDED TO TRY THE ISSUES ONCE JOINED.**

Respectfully submitted,

**Bonjean Law Group, PLLC**
11 Broadway, Ste. 600
New York, New York 10004
Tel (212) 825-1080
Fax (212) 825-1083

By:    JENNIFER BONJEAN